UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA LUJANO,<br><br>       Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No.: 1:13-cv-1715-BAM<br><br>**ORDER DISMISSING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

Plaintiff Elisa Lujano (Plaintiff) appeals from the final decision of the Administrative Law Judge (ALJ) denying her applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.[1] The Commissioner filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based upon Plaintiff's failure to file a timely appeal of the ALJ's final decision. Plaintiff did not file an opposition to the motion. For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

**FACTS AND PRIOR PROCEEDINGS**

On December 23, 2011, an Administrative Law Judge (ALJ) issued an unfavorable decision denying Plaintiff's claim for benefits under Titles II and XVI of the Social Security Act (Act).

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 9, 10). For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. (Doc. 44).

Declaration of Robert Weigel (Decl.), ¶ (3)(a), Exhibit (Exh.) 1, Doc. 11-1. Plaintiff requested review of the decision by the Appeals Council. *Id.* On July 9, 2013, the Appeals Council mailed a notice to Plaintiff, with a copy to Plaintiff's attorney, denying her request for review of the ALJ's decision, thus making the ALJ's decision the Commissioner's final decision. Decl., ¶ 3(a), Exh. 2. The notice from the Appeals Council informed Plaintiff that if she wished to commence a civil action, she must do so within sixty days of the letter's receipt, which was assumed to be five days after the date of the denial of the request for review. *Id.* Accordingly Plaintiff's deadline for filing a timely civil action in this Court was September 12, 2013. On September 5, 2013, Plaintiff requested an extension of time to file her civil action. Decl., ¶ 3(a), Exh. 3. Plaintiff did not receive a response before the deadline expired and on September 27, 2013, Plaintiff filed her complaint, fifteen days after the deadline to commence a civil action. Decl., ¶ 3(b). In a letter dated March 6, 2014, the Appeals Council sent Plaintiff and her attorney notice of the denial of the extension of time. Decl., ¶ 3(a), Exh. 3. The Court now considers Defendant's Rule 12(b)(6) Motion to Dismiss for Plaintiff's untimely filing of the Complaint. (Doc. 11).

## **LEGAL STANDARD**

Under Federal Rules of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fails to state a claim upon which relief can be granted." To state a claim for which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss for failure to state a claim, courts may consider not only the allegations of a complaint, but also the exhibits attached thereto and any concessions made by the plaintiff. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995) (citing *Cooper v. Bell*, 628 F.2d 1208, 1210 n. 2 (9th Cir.1980)) ("When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal pursuant to Rule 12(b)(6) was proper without converting the motion to one for summary judgment.").

Here, the Commissioner contends that dismissal is required because Plaintiff failed to file her Complaint within the 60-day statute of limitations provided by 42 U.S.C. § 405(g). Although the statute-of-limitations defense is usually raised in an answer to a complaint, "it may be raised in a

motion to dismiss when the running of the statute is apparent from the face of the complaint." *See Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "Such a motion to dismiss should be granted only if the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* (quoting *Conerly*, 623 F.2d at 119).

## **DISCUSSION**

### *1. Untimely Complaint*

In the Motion, Defendant contends that the case should be dismissed because Plaintiff's Complaint was untimely filed. (Doc. 11 at 2).

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g).

Sections 405(g) and (h) therefore operate to constitute a 60-day statute of limitations in which the claimant may appeal a final decision from the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). As the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day). "The limitations to final decisions and to a sixty-day filing period serve to compress the time for

judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D. Cal. Oct. 7, 2008).

Here, the Appeals Council mailed a notice to Plaintiff on July 9, 2013, with a copy to Plaintiff's attorney, denying her request for review of the ALJ's decision, thus making the ALJ's decision the Commissioner's final decision. Decl., ¶ 3(a), Exh. 2. The notice from the Appeals Council informed Plaintiff that if she wished to commence a civil action, she must do so within sixty days of the letter's receipt; receipt of the letter was assumed to be five days from the date of the letter, or July 14, 2013. *Id.* The sixty-day deadline for Plaintiff to file her Complaint was September 12, 2013. Plaintiff filed her Complaint on September 27, 2013, fifteen days after the statute of limitations had expired. A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)). As it is apparent from the face of Plaintiff's complaint that she did not properly file within the prescribed statutory period, Plaintiff's Complaint is DISMISSED as time barred.

## 2.     *Equitable Tolling*

Defendant further argues that there are no circumstances in this case that justify equitable tolling of the statute of limitations period.   (Doc. 11 at 4).  The principle of equitable tolling allows for the statute of limitations to be extended in certain circumstances because the social security regulations were "designed to be 'unusually protective' of claimants." *Bowen*, 476 U.S. at 480. The Supreme Court in *Bowen* noted, Social Security Administration regulations governing extensions of time for filing are based on considerations of fairness to claimants. *Id.* Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or

mistake. *Id.* Similarly, an extension may be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information, or where the Secretary undertook action that "misled" the claimant concerning his right to review. *Id.* at 480, n.12, citing 20 C.F.R. §§ 404.911,416.1411.

Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. *Bowen*, 476 U.S. at 479-82.

Plaintiff has not filed an opposition to the motion to dismiss and thus has provided no argument that the statute of limitations should be equitably tolled.  Further, Plaintiff's Complaint is devoid of factual allegations indicating circumstances for which the statute of limitations should be tolled in equity. Therefore, the sixty-day time restriction set forth in  42 U.S.C. § 405(g) bars review of the administrative decision denying the claim for Social Security benefits, and no special circumstances exist that warrants this Court to toll the limitation period. *See e.g., Ray v. Colvin*, 2014 U.S. Dist. LEXIS 177105 (C.D. Cal. Dec. 22, 2014) (granting motion to dismiss despite Plaintiff's unanswered request for a thirty-day extension of the filing deadline); *see also Middleton v. Astrue*, 2010 U.S. Dist. LEXIS 59174, 2010 WL 2219662, at *2 (N.D. Cal. 2010) (granting motion to dismiss with leave to amend after plaintiff filed complaint eleven days late but did not request an extension of time).

///

///

///

///

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is GRANTED, and Judgment shall be entered dismissing this action with prejudice.

IT IS SO ORDERED.

Dated: **June 8, 2015**          /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE